STRAHLENDORF VS. ROSENTHAL.

NEGLIGENCE: (1-3.) *Rule as between employer and employee.* (4.) *Evidence of employer's knowledge of danger.* (5.) *Contributory negligence.*

1. In an action for injuries received by plaintiff while in defendant's employ in digging a shaft, the complaint avers as a consequence of the careless manner in which the shaft was constructed, and the neglect of defendant in not planking or properly securing the sides

thereof, without any fault on plaintiff's part, that the sides of the shaft fell in upon him. It further avers that defendant "well knowing the premises and knowing the danger of said shaft to those employed therein," negligently, etc., directed plaintiff to proceed to the bottom thereof and dig there, without advising him of the danger, etc. The negligence shown by the proof (if any) was, that defendant, being aware of the existence of a fissure in the side of the shaft (at a point where it caved in), neglected to inform plaintiff of it. *Held*, that the cause of action proven was *substantially* alleged in the complaint, or the variance did not mislead the defendant, and might be disregarded.

2. One who agrees to work' for another in any employment, takes upon himself the *usual* risks of such employment.

3. But if there exist facts known to the employer and unknown to the employee, increasing the risks of such employment beyond its ordinary hazards, the employer is bound to disclose such facts to his employee; otherwise he will be liable as for negligence in case of injury to the latter resulting from such unusual risks.

4. Admissions made by defendant to several persons on different occasions, to the effect that he knew of the existence of said fissure before plaintiff went down, and knew it was dangerous, but thought it would hold until they got through—*held* sufficient evidence to justify the submission of the question of his negligence to the jury.

5. Upon the evidence in this case, the question of contributory negligence upon plaintiff's part, was also properly left to the jury.

APPEAL from the Circuit Court for *Winnebago* County.

The plaintiff was employed by the defendant in sinking a shaft for copper. When the excavation had reached a depth of something more than fifty feet, and when all but the lower twelve feet thereof was properly curbed, the plaintiff being at the bottom engaged in loading the bucket with loose earth, preparatory to curbing the lower part of the shaft, a quantity of earth from the side of the excavation, and just below the curbing, fell upon him and so injured him that he will undoubtedly be crippled for life. This action was brought to recover damages for such injuries, and the plaintiff had a verdict and judgment therein for $900. The defendant has appealed from such judgment to this court.

So much of the complaint as is necessary to be considered in determining the questions presented by this appeal, is as follows:

" That this plaintiff was at the time hereinafter mentioned, engaged as a servant to work for the said defendant, and that the said defendant directed this plaintiff, on the 22d day of January, A. D. 1870, to work in said shaft. That this plaintiff being unaccustomed to sinking or working in shafts, proceeded to the bottom of the said shaft, and commenced work there, not knowing that there was danger in so doing. That the said shaft was so carelessly and negligently constructed and sunk, and by reason of the fault, neglect and carelessness of the defendant in not planking or properly securing the sides of said shaft, and in not taking due precaution to protect the sides thereof, and prevent them caving or falling in, and without any fault or negligence on the part of this plaintiff, the sides of the said shaft fell into the shaft, and to the bottom thereof upon this plaintiff,

That the defendant, well knowing the premises, and knowing the danger of the said shaft to those employed there, did, on the day aforesaid, negligently, carelessly and wrongfully direct this plaintiff to proceed to the bottom of said shaft, and to dig and excavate therein, without advising this plaintiff of the danger thereof, or in any manner intimating to this plaintiff that there was danger in so doing, although he at the time well knew that the same was dangerous."

These allegations are all denied in the answer of the defendant.

The testimony tends to prove, (although the same is strongly controverted,) that on the occasion when the plaintiff was injured, the defendant sent him down the shaft, and that the defendant had been down a short time before and saw a crack in the earth at the point from which it caved in on the plaintiff, and knew or thought that it indicated danger. It is conceded that he did not inform the plaintiff of the existence of the crack or warn him of the supposed danger, and it conclusively ap-

pears that the plaintiff had no knowledge before he was injured, that the earth was thus cracked.

*Felker & Weisbrod*, for appellant, cited Shearman and Redfield on Negligence, §§ 101—127 ; *Hayden v. Smithville Co.,* 29 Conn., 548; *Wright v. N. Y. Cent. R. R. Co.,* 25 N. Y. 562; *Fifield v. Railroad,* 42 N . H., 225—240 ; *Mad River and Lake Erie R. R. Co. v. Barber,* 5 Ohio St., 541 ; *Seymour v. Maddo,* 71 Eng. Com. Law., 265; *Williams v. Clouugh,* 3 Hurl. and Norm., 258.

*Finch & Felker, contra,* cited Shearman and Redfield on Negligence, §§ 89, 92; *Ryan v. Fowler,* 24 N. Y., 410; 2 Hilliard on Torts, §§ 24, 25 ; 25 Ala., 659; 48 Maine, 113; 10 Ind., 554; 29 Conn., 548 ; 4 Ohio St., 575.

LYON, J. Several exceptions were taken during the trial, on behalf of the defendant, to the rulings of the court upon objections to testimony and to the charge given to the jury, but none of them were insisted upon by the learned counsel for the defendant in his argument in this court, as grounds for reversing the judgment of the circuit court. It becomes unnecessary, therefore, to consider such exceptions.

It is claimed that such judgment is erroneous and should be reversed for the following alleged reasons :

1. Because the complaint does not state the cause of action to which the testimony introduced by the plaintiff is directed, and upon which he relies, but sets up a different cause of action.

2. Because there was no testimony tending to prove that the plaintiff's injuries were caused by the negligence of the defendant.

3. Because the evidence shows that, by the exercise of reasonable care, the plaintiff could have discovered the danger and avoided it.

If the first of these propositions is true, unless the variance be disregarded or the complaint is amendable after judgment, or if either of the other propositions is true, the judgment of

the circuit court should be reversed, but if neither of them be true, then such judgment should be affirmed. We will consider these propositions in the order above stated.

I. It is true the complaint does not state expressly that the defendant knew of the fissure in the earth, and that the alleged negligence consisted in failing to inform the plaintiff of the fact, but it does aver that the sides of the shaft were in a dangerous condition, that they were not properly secured, and that due precautions against accidents had not been used, by means whereof the plaintiff was injured, and that the defendant, knowing the danger, sent the plaintiff to the bottom of the shaft without apprizing him of the peril he thereby incurred. Although these averments might have been made more definite, it would seem that the cause of action to which the testimony is directed, is substantially alleged in the complaint. But, however this may be, if there is any variance between the complaint and the proofs, it is very clear that the defendant has not been misled by it, and the court properly directed the fact to be found in accordance with the evidence. *Taylor's Statutes*, 1445, §§ 35 and 36.

II. The rules of law in respect to the liability of the defendant, for the injuries received by the plaintiff, are elementary and may be stated in a few words. The plaintiff, when he contracted to work for the defendant in and about the sinking of the shaft, took upon himself the necessary and usual risks of that employment. But if there existed some extrinsic cause, known to the defendant and unknown to the plaintiff, which increased the hazards of such employment beyond its ordinary and usual hazards, the defendant was bound to inform the plaintiff of the fact which thus increased the perils of the work. If, therefore, the defendant knew that the shaft was in a dangerous condition and sent the plaintiff into it without informing him thereof, and if, by reason of such dangerous condition, the plaintiff, without knowledge thereof or fault on his part, was injured, the defendant is liable to respond in damages

Strahlendorf vs. Rosenthal.

therefor. These rules have their foundation in the plainest principles of justice and sound reason. See *Baxter v. Roberts*, decided by the supreme court of California (*Chicago Legal News*, vol. 5, No. 4, p. 41), in addition to the cases and authorities cited on this subject in the brief of the counsel for the plaintiff.

Such being the law of this case, we are next brought to inquire whether there is any testimony tending to prove, 1. that the defendant has violated any legal duty which he owed the plaintiff in respect to such employment; and 2. that, in consequence of such violation of duty, the plaintiff received the injuries of which he complains.

The testimony certainly tends to show that the earth which injured the plaintiff, fell from the point where it is claimed the crack or fissure was situated, and there is enough in the testimony to authorize the jury to find, that, had the plaintiff known there was danger that the earth would cave in from that point, he could easily have avoided the injury.

It being conceded that the defendant did not inform the plaintiff of the existence of the danger, the only question left to be determined seems to be whether the testimony tended to show that the defendant knew that it existed.

The testimony which it is claimed tends to show that the defendant had previous knowledge that the side of the excavation below the curbing was in a dangerous condition, is as follows: The plaintiff testified that soon after he was injured, and when lying on a lounge in the defendant's house, he heard the defendant exclaim, "O, my God! I wish I had not sent you down. I have seen that it was cracked, and I knew that it was dangerous." Carl Stenzal testified that soon after the accident he heard the defendant say, "Oh! that I had told it, I have seen the crack, but thought it would still hold." This was also said in the room where the plaintiff was lying. Charles Lang testified that several days after the plaintiff was injured, the defendant told him that he was in the ground on the forenoon of the day of the accident and then saw a big crack which was loose,

but that he thought it would hold until they could get the plank in. Also, that defendant said that *pieces of dirt from the crack fell upon the plaintiff, knocked him down and broke his leg, etc.* Richard Gunther testifies that on the day of the accident, in the city of Oshkosh, where the defendant went for a surgeon, the defendant told the witness that he had been in the shaft or well a short time before the accident and had noticed a crack in the wall, but thought that it would hold and nothing would happen until he got through.

Although all of the above testimony consists of certain statements and admissions alleged to have been made by the defendant, and although such testimony should, as the learned circuit judge very properly charged the jury, be received with great caution, still it is testimony in the case, and there is no escape from the conclusion that it tends to prove that the defendant knew, when it is claimed he sent the plaintiff into the shaft, that there was a dangerous fissure in the side thereof which was liable to result in the caving of the earth in the vicinity of it, to a greater or less extent, at any moment. We do not say that the testimony *proves* that the defendant had such knowledge, but only that there was sufficient testimony *tending* to prove the fact to make it the duty of the court to leave the question for the decision of the jury; and this was done.

If the defendant knew of the danger, and failed to inform the plaintiff of it, this was negligence on his part. The testimony therefore tends to show that he was negligent in that behalf. It follows from the views above expressed, that the objection that there is no testimony tending to prove that the plaintiff's injuries were caused by the negligence of the defendant, is not well taken. Such objection is in the nature of a demurrer to evidence, which fails if there is any testimony upon the issue proper to be considered by the jury.

III. The remaining objection taken by the counsel for the defendant is also untenable. The court cannot say from the evi-

dence that it is conclusively proved that the plaintiff was guilty of contributory negligence. That also was a question for the jury, and was properly submitted to them by the court.

After a careful consideration of the case, we are unable to perceive any error in the proceedings as regards the questions which we are asked to consider. We think that the pleadings and evidence are sufficient to support the verdict and judgment. It follows that the judgment of the circuit court should be affirmed.

*By the Court.*—Judgment affirmed.