MAY & COMPANY *v.* SMITH.

<span style="float:right">92  95<br>103  289</span>

1. The rule that an inexperienced servant who is employed to work about dangerous machinery is entitled to warning of any special danger incident to the work, is not confined to the case of young children, but applies as well to a youth seventeen years of age who is inexperienced in dealing with a machine like that by which he is injured and is unacquainted with the details of its construction and mode of operation. That the machinery is not defective or out of repair but is in perfect order, will not dispense with warning where the danger is not open and obvious. Whether the master at the time of engaging the servant or afterwards ought to have inquired whether he was experienced or not, or should have taken notice, under all the facts, of the probability that he was not, nothing being said on the subject by either party, is a question for the jury.

2. Although the evidence was conflicting it warranted the verdict, and there was no error in denying a new trial.
May 15, 1893.

Action for damages. Before Judge MARSHALL J. CLARKE. Fulton superior court. March term, 1892.

Smith by next friend sued for injuries received by him while in defendants' employment, in raking shavings from under a planing-machine at which he was at work. He obtained a verdict for $750, and defendants' motion for a new trial was overruled. The motion alleges, that the verdict is contrary to law and evidence, and that the court erred in giving certain instructions to the jury, the nature of which is to be found in the following extract from the charge: "The general rule is, that where one enters into the service of another, he accepts all the ordinary and usual risks which belong to such service. While this is true, however, one person who employs another to work about machinery which is dangerous in its character, is bound to apprise the servant of such character, unless it can be known to the servant by the exercise of ordinary care."

C. W. SMITH and WEIL & GOODWIN, for plaintiffs in error.

WESTMORELAND & AUSTIN and J. E. WARREN, *contra.*

BLECKLEY, Chief Justice.

1. There was evidence from which the jury could infer that the machine by which the plaintiff below was injured was dangerous to an inexperienced person, and that the danger was not sufficiently obvious to be apparent to such a person without proper explanation and warning. That the plaintiff was not a child but was seventeen years of age, would not deprive him of the right to be warned, if, as a question of fact, the employers, or the man representing them, ought, under all the circumstances, to have inquired of him as to his expe-

rience, or taken notice of the probability that he was so inexperienced as to render it proper to give him warning. That his age alone did not deprive him of the right of being warned is established by many authorities. Walsh *v.* Peet Valve Company, 110 Mass. 23; O'Connor *v.* Adams, 120 Mass. 427; Wheeler *v.* Manufacturing Company, 135 Mass. 294; Atkins *v.* Merrick Thread Company, 142 Mass. 431; Paulmier *v.* Erie Railroad Company, 5 Vroom, 151; Parkhurst *v.* Johnson, 50 Mich. 70; Strahlendorf *v.* Rosenthal, 30 Wis. 674; Jones *v.* The Florence Mining Company, 66 Wis. 268; Missouri Pacific Railway Company *v.* Watts, 64 Tex. 568; Missouri Pacific Railway Company *v.* Callbreath, 66 Tex. 526; Baxter *v.* Roberts, 44 Cal. 187; McGowan *v.* LaPlata Mining Company, 9 Fed. Rep. 861. And see Wood, M. & S. §352; Perry *v.* Marsh, 25 Ala. 659; Coombs *v.* New Bedford Cordage Company, 102 Mass. 572, s. c. 3 Am. R. 506.

2. The evidence was conflicting, but taking it most favorably for the plaintiff, as the jury probably did, it was sufficient to warrant the verdict, and there was no error in denying a new trial.          *Judgment affirmed.*