DAVIS *v.* THE AUGUSTA FACTORY.

It appearing from the plaintiff's evidence that the machinery of the defendant from which the plaintiff's daughter received injuries resulting in her death, though not of the latest, safest and most improved design, was, nevertheless, safe when properly operated; and it not appearing that the defendant failed to give the deceased warning of the dangers incident to its operation (if, with reference to the character of this machinery, the age, capacity and experience of the deceased, and all the surrounding facts and circumstances, it was the duty of the defendant to give her such warning), the plaintiff was not entitled to recover, and there was no error in granting a nonsuit.

November 27, 1893.

Action for damages. Before Judge EVE. City court of Richmond county. February term, 1893.

CLAIBORNE SNEAD and BLACK & VERDERY, for plaintiff.
J. B. CUMMING and BRYAN CUMMING, for defendant.

LUMPKIN, Justice.

This was an action by Irena Davis against the Augusta Factory for the homicide of a minor daughter. According to the evidence, fairly construed, the machine of the defendant from which the daughter received injuries resulting in her death was, though to some extent dangerous, entirely safe when properly operated. It is true that this machine was not of the latest, safest or most improved design, but it was entirely suitable for the purposes for which it was made, and relatively to others used within a recent period, it was improved machinery, and of a kind still manufactured by the best

machine works, and employed in first-class factories. It is not incumbent upon persons or corporations using machinery in the prosecution of their business to procure the very best and safest machinery which can possibly be made. It is sufficient if the machinery is of a kind in general use, and reasonably safe for all persons who operate it with ordinary care and diligence. "No manufacturing or business establishment of any kind is bound at its peril to make use only of the best implements, and the best machinery and the safest methods." ·Cooley, J., in Michigan Central R. R. *v*. Smithson, 1 A. & E. R. R. Cases, 104. The machine in the present case undoubtedly came up to the required standard, and there. was no evidence at all that it was in any particular out of repair, the testimony of all the witnesses showing, on the contrary, clearly and unequivocally that it was. in perfect order and condition.

In Black's Proof & Pl. in Acc. Cas., page 28, we find the following: "In an action by an employee to recover damages for an injury received from a machine which the employee had to operate, the employee, to recover, must affirmatively establish: First, that the machine or appliance was defective. Second, that the master had knowledge or notice, or ought to have known such fact. Third, that the employee did not know and had not equal means with the master of knowing such fact." The master is "bound to exercise reasonable care in the choice of the instrumentalities of his business, and the specific degree of care that he must exercise is measured by the nature and character of the business, the appliances used, and the risks therefrom to those employed." Wood's Master & Servant, §345. See, also, *Id.* §346, and cases cited under both sections. To the general rule, as stated by these text-writers, there are some exceptions, for the law undoubtedly "recognizes some distinction between the duty which a master owes

his adult servant or employee, and that which he owes
to an employee who, from his youth or inexperience, or
other mental immaturity or infirmity, is not able, with-
out instruction, to understand the perils to which he is
exposed in the course of his employment. This distinc-
tion, as near as we can express it, is this: that as to the
latter class of servants, the master must give them full
instructions with respect to the dangerous character of
the machinery with or about which they are employed,
and of the means necessary to be used to avoid those
dangers." See note to Fisk v. Central Pacific R. R. Co.,
1 Am. St. Rep. 28, and cases there cited. In this con-
nection, it may also be profitable to examine Sullivan v.
India Manufacturing Co., 113 Mass. 398, and the com-
ments thereon in Wood's Master & Servant, §351. And
see 14 Am. & Eng. Enc. Law, 897, under title "Master's
duty to instruct inexperienced and minor servants." It
is impossible, however, to lay down any inflexible rule
applicable alike to all cases where minors are em-
ployed, as to what warning will be requisite; and with-
out doubt, in some cases even minors are not necessarily
entitled to any warning at all as to the character of the
machinery about which they are at work, or as to the
proper method of operating it and avoiding obvious
dangers. Much depends upon the nature of the ma-
chinery, the age, capacity, intelligence and experience
of the employee, as well as all the surrounding facts
and circumstances. It appears that in the present case,
the plaintiff's daughter was fifteen years of age. It
may be that the danger connected with the running of
the machine by which she was injured, and the proper
method of operating it so as to insure safety, were so
obvious that there was no real duty devolving upon the
defendant to give her any special warning or instruc-
tions at all. We do not so decide, nor is there occasion
for so doing, because even if she was entitled to such

warning, there was no evidence showing that the defendant failed to give her ample warning of the dangers incident to the operation of the machine in question. The declaration alleges such failure, but there was no proof to sustain this allegation. The only evidence upon the subject was to the effect that when asked by her mother, shortly after the injury, whether she knew the danger to which she had exposed herself, the daughter replied that her Aunt Ellen, who had been previously employed at the factory in operating this same machine, had never told her of the danger. Even if this evidence was properly received, it entirely fails to show that the deceased had not received full and ample instructions concerning the proper way in which to operate the machine so as to avoid danger, either from the superintendent, or some other employee of the defendant whose duty it was to give such warning. There is no reason whatever for presuming that this duty devolved upon the aunt of the deceased. In order to authorize a recovery by the plaintiff, it was certainly necessary to allege a failure to give such warning; and in our opinion, the burden of proof was upon the plaintiff to prove this fact, there being no presumption that, if it was the duty of the defendant to give any warning at all, it had failed to do so. See 2 Am. & Eng. Enc. Law, 654–5, title "Burden of proof." As the plaintiff signally failed to establish this fact, she did not make out a *prima facie* case, and the judgment of nonsuit was right.

*Judgment on main bill of exceptions affirmed.*
*Cross-bill of exceptions dismissed.*