The Atlanta and West Point Railroad Co. *v.* Smith.

1. There is no presumption of law that a minor over fourteen years
   of age, who applies for a position involving dangerous service, is
   aware of the danger and needs no instruction.
2. The obligation to instruct an employee, before putting him to work,
   as to any of his duties which are dangerous, does not necessarily
   follow, as matter of law, from his minority when employed, his
   inexperience, the fact that the service is dangerous, and the fact
   that his inexperience is known to the employer. In a case like the
   present, it is a question for the jury whether the particular service
   was so dangerous, and its dangers so obscure, or whether the infor-
   mation of the employee was so limited or his mind so immature,
   at the time he was injured, as to render it needful and proper
   that instructions should have been given when he was employed
   or at some time previous to the injury.
3. On the question whether, in the particular instance, the plaintiff
   used due care for his own safety, evidence of his character for
   prudence or recklessness in the conduct of such business is inad-
   missible, either against him or for him.
4. In order for a minor to recover of his employer, on account of lost
   time due to a permanent personal injury inflicted by his employer,
   damages for the whole period of his life from the infliction of the
   injury, he must show, so as to cover the interval between the time
   of the injury and the time he would attain his majority, that his
   earnings for that period, if he had not been incapacitated, would
   have belonged to himself and not to his father.
5. Where the mortuary table and the annuity table are both before
   the jury, any instruction given by the court as to their use in as-
   certaining present value should not leave it uncertain as to which
   table is to be consulted for that purpose, but the jury should be
   told that the annuity table alone is applicable. And the court
   should also put the jury on their guard against overlooking that
   there are two columns in the table, one applicable to six, and the
   other to seven per cent.

June 30, 1894.

Action for damages.     Before Judge WESTMORELAND. City court of Atlanta.     September term, 1893.

DORSEY, BREWSTER & HOWELL, for plaintiff in error. HOKE SMITH and SMITH & PENDLETON, *contra:*

LUMPKIN, Justice.

The plaintiff, a youth about seventeen years of age, and an employee of the defendant in the capacity of train-hand, while endeavoring to couple two cars, received an injury resulting in the loss of his right arm. On the trial, the jury returned a verdict in his favor for seven thousand dollars.     The defendant's motion for a new trial contained a large number of grounds.     We will not attempt to discuss all of them, but have endeavored to condense in the head-notes the principles of law applicable to the case upon all the material questions in controversy.     The recovery was very large, and for this reason we have, in determining whether or not a new trial should be granted, felt constrained to give the railroad company the benefit, in the strictest sense, of all its legal rights in the premises.     At the same time, we have not been unmindful of the legal rights of the plaintiff, and have endeavored to bear them in mind in laying down rules for the guidance of the trial court upon the next hearing.

1. Among the charges of the court complained of was the following: "If you find, from the evidence, that he was a minor at the time, but over fourteen years of age, and that when he applied for the position he stated that he knew the duties of a car-coupler and could discharge them, the defendant had the right to accept the statement as true and act on it, and it would not be under any obligations to instruct the plaintiff as to the dangers attending the work, or as to how to avoid them, unless you should believe from the evidence that the circumstances were such as to require a prudent person, in the

exercise of ordinary diligence, to give such instructions." It was insisted that this charge was erroneous for several reasons, but we shall notice only one of them. It was stated thus : " If the boy was more than fourteen years old, and applied for the position of brakeman, the defendant had a right to presume that he knew how to discharge the duties of such a position, whether he represented that he knew them or not." The position of counsel for the railroad company, broadly stated, is that if a minor above the age of fourteen years applies for a position involving dangerous service, *ipso facto* a presumption of law arises that he is aware of the danger and needs no instruction. We have no difficulty in holding that this position is not sound. The proposition that no such presumption arises under the circumstances indicated, is so plain that it need not be supported by argument. We are therefore content to allow the statement contained in the first head-note to stand upon its own merits, without discussing it.

2. The court also charged the jury as follows : " If you find from the evidence that the plaintiff was a minor when he applied for and obtained the position of train-hand, and that he was inexperienced in that service and the defendant's agent knew it ; and if you find that to couple cars was a part of his duty, and that it was attended with danger, the defendant would not have a right to put him at that work without notifying him of the danger and giving instructions as to how to avoid it." This charge was too strong against the defendant. In *Davis* v. *Augusta Factory*, 92 *Ga.* 712, 18 S. E. Rep. 974, the question of the duty of employers as to giving instructions to minors employed in operating dangerous machinery was to some extent involved and was very carefully considered. After an examination of numerous authorities, the writer felt authorized to say : " Without doubt, in some cases even minors are not necessarily

entitled to any warning at all as to the character of the machinery about which they are at work, or as to the proper method of operating it and avoiding obvious dangers. Much depends upon the nature of the machinery, the age, capacity, intelligence and experience of the employee, as well as all the surrounding facts and circumstances." Applying the language just quoted to the facts of the case at bar, we think the court should have left it to the jury to determine whether, under all the circumstances, it was incumbent upon the defendant to give to the plaintiff at the time of his employment, or at some time previous to the injury, instructions regarding the dangers of the work and how he could safely perform it.

3. During the trial, counsel for the defendant asked a witness on the stand what was the character of the plaintiff for being prudent or reckless in the conduct of his business, the purpose of the question evidently being to show that the plaintiff was habitually reckless in performing his work. The court properly refused to allow the question to be answered. One of the contested issues of fact was whether, on the occasion on which he was injured, the plaintiff used due care for his own protection and safety. We do not think this question could be elucidated by evidence, one way or the other, as to the general character of the plaintiff for prudence or recklessness. *East Tennessee, Virginia and Georgia Railway Company* v. *Kane*, 92 *Ga.* 188, 18 S. E. Rep. 18, and the authorities there cited, sufficiently sustain the ruling now made. It is true that in one of these cases: *Savannah, Florida and Western Railway Company* v. *Flannagan*, 82 *Ga.* 579: this court sanctioned the admission of evidence showing the high speed at which the same engine was habitually run by the same engineer at the same place; but Chief Justice Bleckley said it was of doubtful admissibility, and besides, there

is some difference between proving habitual acts of recklessness or negligence at particular times and places, and proving the general character of a particular person for recklessness, or the contrary.

4. While instructing the jury as to the measure of damages, the court charged, in substance, that if they found for the plaintiff, he would be entitled to recover for all the time he lost. As has been stated, the plaintiff, at the time of the injury, was only seventeen years of age, and consequently, in the absence of some showing to the contrary, his earnings for the period of time elapsing until his majority would have belonged to his father. Under the charge as given, the jury were authorized, in computing the damages, to allow the plaintiff himself his entire earnings from the time of the injury. As he did not show his earnings, during the period of his minority, would have belonged to himself and not to his father, the charge in question was not entirely just to the defendant. Even if a parent should allow a minor son to engage in a particular employment and retain for himself his wages for his services rendered while so engaged, it would by no means follow that the minor had been manumitted by the father for the whole period of his minority. In such case, it would be incumbent upon the minor to show affirmatively that the manumission extended up to the time of his majority. In the argument before us, however, it was insisted for the defendant in error that the charge now under consideration was cured by another charge which the court gave to the jury. As there is to be a new trial, it is unnecessary to decide whether this contention is well founded or not; but the law as above stated will be applicable on the next trial.

5. The most serious error committed by the trial judge, and because of which we think the railroad company is undoubtedly entitled to a new trial, was made,

in charging in reference to the mortuary and annuity tables, which were in evidence before the jury. Referring to these tables, the judge said: " They are known as the mortuary and annuity tables. I will first explain to the jury how to use them. If you find for the plaintiff, you must then look to the evidence and see what he is entitled to recover annually, if anything. You will then take that sum and multiply it by the figure opposite his age. That would give you the present value of what he would be entitled to recover, if you see proper to find for him." The obvious vice of this charge is, that the court failed entirely to instruct the jury which of the tables should be used in ascertaining the present value of what the plaintiff would be entitled to recover. It is too manifest to require discussion that it should not have been left uncertain which table should be consulted for that purpose. On the contrary, the jury should have been told that the annuity table alone was applicable; and the court ought also to have put the jury on their guard against overlooking the fact that even in the annuity table there are two columns, one applicable to six and the other to seven per cent. In view of the confusion which must have arisen in the minds of the jury with reference to the use of the tables before them, and in view also of the large verdict rendered, it is more than probable that the charge in question resulted in greater or less injury to the railroad company; and the ends of justice require that the case should be tried again.      *Judgment reversed.*