McINTYRE, next friend, *v.* EMPIRE PRINTING CO.

The evidence in this case presenting questions which should have been submitted to a jury, it was error to grant a nonsuit.

Argued December 2, 1897. — Decided January 20, 1898.

Action for damages. Before Judge Reid. City court of Atlanta. March term, 1897.

*Robert J. Jordan,* for plaintiff.
*Dorsey, Brewster & Howell* and *Watkins & Dean,* for defendant.

COBB, J. This was an action for personal injuries sustained by the plaintiff, a girl of fourteen years, while employed by the defendant, a company engaged in the manufacture of paper boxes. It appeared from the testimony that she was placed at work on a machine which was used for setting up lids to boxes, etc. She got her orders from one Hirsch, who was foreman of the room in which she worked. He told her to go to work on the machine. She had never worked on it before, did not know anything about it, and had never before had anything to do with a machine of that character. She objected when ordered to work on that machine, told him that she was afraid to work on it, and gave as a reason that she did not know anything about it. Hirsch had had his nails cut off on the same machine. He told her something about being hurt on the machine, but stated that it was just carelessness in him,

and that it was now arranged so that she could not be hurt. She had worked on it about a week before she was hurt. It further appeared from the evidence that the use of the machine was attended with danger. The plaintiff in using it had two of her fingers cut off. .She did not know there was any danger in using it in the condition it was in at the time that she went to work on it, and did not find it out until after she was hurt. It appears from the record that the machine was brought into court, and that the plaintiff, in the presence of the court and jury, illustrated exactly how she was hurt. The machine not being before us, of course we must view the case entirely from the record. Whether the character of the machine was such that the dangers in operating it were patent to a child of plaintiff's age and capacity, and whether she was guilty of negligence in the way in which she operated it, and thus brought her injuries upon herself, are questions which should have been submitted to a jury, under proper instructions from the court. *Augusta Factory* v. *Barnes*, 72 *Ga.* 217; *Wynne* v. *Conklin*, 86 *Ga.* 40; *Cartter & Co.* v. *Cotter*, 88 *Ga.* 286; *May & Co.* v. *Smith*, 92 *Ga.* 95; *Atlanta & West Point R. Co.* v. *Smith*, 94 *Ga.* 107. It may be that if we could see the case in exactly the way in which it was presented to the trial judge, with the plaintiff before him working upon the machine, it would be apparent to us, as it seems to have been to him, that there was no ground for recovery in the case; but viewing the evidence in the absence of the practical demonstration, it makes a question which should have gone to the jury. We do not mean to discourage the practice of having before the court and jury these practical demonstrations as aids to ascertain the truth of the case; but from the nature of the case such things can not be embodied in a record; and where a nonsuit is granted upon such ground, the record before us must, as far as it is capable of so doing, present a picture of the actual demonstration. If it does not, as is the case now before us, and the evidence makes it doubtful as to whether the nonsuit was proper, the doubt must necessarily be resolved by us in favor of the plaintiff. If the case had been submitted to a jury and a verdict rendered for the defendant, we might probably upon

the present record be authorized to presume that the jury based their finding upon the practical demonstration in their presence, and allow the verdict to stand; but as questions of fact are for determination by a jury, the trial judge, whenever in doubt, should resolve the doubt in favor of leaving the case to the determination of the jury.

*Judgment reversed. All the Justices concurring.*