## 1139.   HOBBS *v.* SMALL.

The court erred in sustaining a general demurrer to a petition, in an action by a servant against his master for personal injuries received pending the employment, alleging, in substance, that the plaintiff, a boy sixteen years of age, wholly inexperienced, was put to work, without instruction or warning, upon a machine which was highly dangerous, was lacking in the usual and common safety devices employed on such machines, and was being used to do work of a character for which it was not intended, whereby it was rendered more dangerous; it being also alleged that the master knew all these things and the servant did not; that the master assured him that he could do the work at the machine all right; and that the injury occurred immediately upon his attempting to operate it and before he had the opportunity of discovering its dangers.

Action for damages, from city court of Fitzgerald—Judge Jay. April 1, 1908.

Submitted June 30,—Decided July 31, 1908.

*Griffin & Griffin, McDonald & Quincey,* for plaintiff.

*L. Kennedy,* for defendant.

POWELL, J. This case comes to us upon the sustaining of a general demurrer; and the allegations of the petition are therefore to be taken as the truth of the case. The defendant, who was the owner and operator of a plant in which lumber, sashes, doors, blinds, etc., were manufactured, directed the plaintiff, a boy, sixteen years of age, who had been previously engaged at the mill in piling and hauling lumber, to assist another employee in edging boards at a jointer, which is a machine containing a set of rapidly-revolving gang-saws, a work in which the plaintiff was wholly inexperienced. In response to his command, the plaintiff told the defendant that he had never worked about machinery and did not know how to do the work he was told to do. The defendant told him to go ahead, that he could operate the machine all right. He was required to hold the boards in such position and to guide them with such rigidness and straightness of direction that a perfect edge should be sawed. He edged the first board without injury, but, while holding the second, the saws jerked it from the edgewise position in which it was to be held, to a flat position, and threw the boy's left hand against the saws, and certain enumerated injuries resulted. The specific acts of negligence alleged against the employer are, that he knowingly put an inexperienced minor to work at a dangerous machine without warning and instructing him how to do the work with safety; also that the machine was not equipped with jointer pegs or with guides, or with such other safety devices as are in common use on such machines; that the machine was not designed and equipped for the edging of boards of the length of those being worked upon it, and that this fact contributed to bringing about the injury. There were the usual allegations as to the master's knowledge and the servant's lack of knowledge; the latter's freedom from constructive or imputed knowledge being based chiefly on his inexperience and minority.

We may leave the fact of minority out of consideration and rest our judgment on the plaintiff's inexperience, so far as the question of the master's duty and the servant's assumption of the risk and

his contributory negligence are concerned. In enumerating certain of the absolute duties of the master to the servant, the Supreme Court, in the case of *Moore* v. *Dublin Cotton Mills*, 127 *Ga.* 615 (56 S. E. 839), said: "The master is also bound to instruct inexperienced servants, without reference to their age, in the operation of machinery and appliances with which they are not acquainted." Labatt's Master and Servant (§ 246) makes the following deductions on this subject: "The mere fact that a servant was inexperienced does not entitle him to recover on the ground that he ought to have been instructed as to the dangers of the work. But it is well settled that a case in which an inexperienced servant is required to use a dangerous instrumentality stands on a different footing from one in which the same instrumentality is handled by a practised and skilful workman. One deduction drawn from the difference thus recognized is that a complaint is not subject to demurrer if the substance of the averments is that the instrumentality that caused the injury was a dangerous one, and that the injured servant was inexperienced and had received no instruction as to its dangerous quality. Another is that the master can not be pronounced, as a matter of law, free from negligence, where the testimony fairly warrants the inference that the work in question was abnormally dangerous to an inexperienced employee, and that he had received no instruction as to the particular perils to be avoided and the proper means of avoiding them. The essential import of this rule, in a purely logical point of view, is manifestly that the plaintiff is allowed to recover, on the ground of inexperience, in many states of the evidence which, if this element were absent, would be deemed to negative the existence of any obligation to instruct, for the reason that the servant would be conclusively presumed to have understood the dangers involved. Under such circumstances the fact that the person injured was of mature years is not decisive, but is merely a matter for the careful consideration of the jury in determining whether he fully understood and appreciated the dangers of his position." A case similar to the one at bar in many of its juridic concepts, as well as in the character of the machine by which the injury occurred, is that of Greenberg *v.* Whitcomb Lumber Co., 90 Wis. 25 (28 L. R. A. 439, 48 Am. St. R. 911, 63 N. W. 93); and in that case the petition was held good against demurrer. The

plaintiff's case may also be sustained on the theory that the defendant put an inexperienced employee to work upon a machine which was dangerous because not equipped with safety devices in common usage.

In determining whether the injury arose from one of the assumed risks of the employment or from the plaintiff's contributory negligence, it should be remembered that the servant has the right primarily to assume that the work the master instructs him to do in a particular manner can be done safely in that manner and that the machine he is required to operate is in a reasonably safe condition. The servant may rely upon this assumption without an imputation of negligence, until such time as he shall discover, or in the exercise of ordinary diligence should discover, to the contrary. The direct order of the master to do an act, in the performance of which the servant is injured, may be shown by the servant as a circumstance tending to excuse him from that degree of caution which would lawfully be expected of him in the absence of such command. *Southern Cotton Oil Co.* v. *Gladman,* 1 *Ga. App.* 259 (58 S. E. 249), and cit. See also *Bush* v. *West Co.,* 2 *Ga. App.* 295 (58 S. E. 529). Of course, as to these matters the inexperience of the servant is of highest relevancy.

*Judgment reversed.*