GIRVIN *v.* GEORGIA VENEER AND PACKAGE COMPANY.

The petition in this case was sufficient to withstand a general demurrer, and the court erred in sustaining the same.

JULY 21, 1913.

Action for damages. Before Judge Conyers. Glynn superior court. May 20, 1912.

*F. H. Harris* and *D. W. Krauss,* for plaintiff.

*Ryals, Grace & Anderson* and *A. J. Crovatt,* for defendant.

HILL, J. This case is here on exception to the judgment of the court below, sustaining a general demurrer to the petition. The plaintiff alleged substantially the following case: Ralph Girvin, her 15-year-old son, was an employee of the defendant, and was engaged by it to work in a safe place within its mill building proper, and should not have been placed at work where he was

killed, namely, at a vat of boiling water, which was entirely disconnected with his place of work within the mill, and was the place where logs and timber were prepared for manufacture. The defendant in the operation of its business had and used two large vats, which contained a large quantity of boiling and scalding water, and into which the defendant placed logs for the purpose of steaming and cooking them as proper material to be manufactured into boxes, baskets, etc. The vats were at all times filled with boiling and scalding water, and the place was dangerous, and one where only men employees were able to and did appreciate properly the danger and guarded themselves accordingly. The defendant did usually have grown men and not boys and youths to perform the work around the vats. In order to render the place reasonably safe to its employees the defendant should have placed a guard-rail or some protection around the vats, so that if any person or employee should lose his balance and come near falling into a vat, such employee or person could quickly seize the guard-rail or protection and save himself from falling into the vats and scalding to death. The defendant was careless and negligent, and in utter disregard of the lives of its employees and others, by neglecting to place around and near such vats any safeguard, railing, or protection whatever, and the lack of such protection was a menace and danger to the safety and lives of the employees working around the vats. The plaintiff's son was absolutely inexperienced in working around the vats. He was immature in judgment and appreciation of danger, and by reason thereof was unable to comprehend and appreciate the danger and know of the same in order to guard against it and the negligence of the defendant. The defendant did not warn the deceased of the danger to which he was subjected, as was its duty to do, nor could deceased have remembered the warning if it had been given him, or have appreciated his danger in order to protect and guard himself therefrom. On the 6th day of July, 1911, Ralph Girvin, in the first part of the day's work, was engaged in his usual and customary duty under his employment in the mill. After the noon hour the mill became "short-handed," and the defendant insisted upon placing a number of boys, including plaintiff's son, at work in and around the vats, for the purpose of placing logs therein. By reason of his tender years her son did not know and appreciate his

right to decline to perform service around the vats of boiling water; and by reason of the coercion of his employers, and against his will, he was forced to perform the service of placing logs in the vats, whereby he lost his life. About thirty minutes after he had been placed at work putting logs in the vats, and while rolling a log towards the vat, his feet slipped and he fell into the vat, and died on the same day as a result of being scalded and burned. His death was due to the carelessness and negligence of the defendant, its agents, servants, and employees. It was negligent in changing her son's place of work from the mill to the dangerous place at the vat. He had familiarized himself with the work around the machinery in the mill, and was in comparatively little or no danger therefrom; whereas he was entirely without experience in handling the logs and timber being prepared at the vats for manufacture within the mill, the attendant danger of which was great and entirely dissimilar to that of the mill machinery. The danger was as follows: The logs and timber, after being cut into sections of from 3 to 6 feet long, were placed on a way leading to the vats, and those handling the logs in order to place them in the vats were required to roll the section along the way parallel to the verge of the vat until reaching the verge, when the section would fall over the edge and into the boiling water. The person rolling the section along the way to the vat would have the section of timber, about three feet in diameter, always between him and the vat, and in pushing it would be in a stooping position, bringing his head and the trunk of his body almost at right angles with his lower limbs; and by reason of this position, and the intervention of the section of the log, his view of any danger of any kind along the way, including the near approach to the vat, would necessarily be impaired and obstructed, all of which was known to the defendant, or by proper exercise of care could have been known, and the defendant could have provided against the danger by placing a guard-rail at the verge of the vat, so that the section of a log reaching the guard-rail would be stopped, thus putting the person pushing the log on notice of its arrival at the vat, and then by raising or removing the rail the section of log would fall into the vat. Her son being so engaged in pushing the section of timber along the way to the vat, his entire attention being applied to keeping the section in motion, his entire physical strength being applied

to his work, his body being in the position described, and he having pushed or rolled the section of timber to the verge of the vat, and there being no guard-rail to arrest its motion, it fell over the edge into the vat; and the plaintiff's son exerting his strength in rolling the timber, by the natural momentum of the section of timber his body fell with it into the vat, with the result as stated.

We think the petition as a whole is sufficient to withstand the general demurrer. It was alleged that the deceased, a minor, was hired to work in the mill—a safe place—but that he was forced by the defendant and its agents to leave the safe place and to work in a place of danger around the vats of scalding water, where, owing to the negligent conduct of the defendant and its agents, he lost his life. He was 15 years of age. He was put to work at a highly dangerous place, without warning or instruction, and without any safeguard or railing around the boiling vats of water, or other protection to prevent employees from slipping and falling into the water while engaged in rolling logs therein, so far as the record discloses. In 1 Labatt on Master & Servant, § 19, it is said: "The almost universally accepted doctrine is that the care to be observed to avoid injuries to children is greater than in respect to adults. That course of conduct which would be ordinary care when applied to persons of mature judgment and discretion might be gross, and even criminal, negligence towards children of tender years. The same discernment and foresight in discovering defects and dangers can not reasonably be expected of them that older and experienced persons habitually employ; and therefore the greater precaution should be taken where children are exposed to danger. Upon this ground he has been held liable for the following acts of negligence: Not insisting on the use by a minor of certain safeguards provided for the servants; requiring a minor to do work which is not within the compass of his age and experience; requiring a minor to encounter risks of an unusual kind, although such work is within the scope of his employment; augmenting the risks of a minor's service by giving him additional duties to perform; transferring a minor to new duties involving greater dangers than those involved in the work for which he was originally hired; setting a minor at a task which he has neither the strength nor the skill to perform; failing to prevent a minor from doing work in a dangerous way, when there is a temptation of a person of his years to do it so;

allowing a minor to do things injurious to his health." In the case of *May* v. *Smith,* 92 *Ga.* 95, 96-97 (18 S. E. 360, 44 Am. St. R. 84), Bleckley, C. J., said: "There was evidence from which the jury could infer that the machine by which the plaintiff below was injured was dangerous to an inexperienced person, and that the danger was not sufficiently obvious to be apparent to such a person without proper explanation and warning. That the plaintiff was not a child, but was seventeen years of age, would not deprive him of the right to be warned, if, as a question of fact, the employers, or the man representing them, ought, under all the circumstances, to have inquired of him as to his experience, or taken notice of the probability that he was so inexperienced as to render it proper to give him warning. That his age alone did not deprive him of the right of being warned is established by many authorities;" citing numerous cases. In the case of *A. & W. P. R. Co.* v. *Smith,* 94 *Ga.* 107 (20 S. E. 763), it was held: "1. There is no presumption of law that a minor over fourteen years of age, who applies for a position involving dangerous service, is aware of the danger and needs no instruction. 2. The obligation to instruct an employee, before putting him to work, as to any of his duties which are dangerous, does not necessarily follow, as matter of law, from his minority when employed, his inexperience, the fact that the service is dangerous, and the fact that his inexperience is known to the employer. In a case like the present, it is a question for the jury whether the particular service was so dangerous, and its dangers so obscure, or whether the information of the employee was so limited or his mind so immature, at the time he was injured, as to render it needful and proper that instructions should have been given him when he was employed or at some time previous to the injury." This was a case in which the plaintiff, a boy 17 years of age, was employed as a train-hand and received injuries while endeavoring to couple two cars. On the question of the duty of a master to warn minors and inexperienced persons, see 1 Hopkins on Personal Injuries (2d ed.), §§ 300, 301. In *Hobbs* v. *Small,* 4 *Ga. App.* 627 (62 S. E. 91), it was held: "The court erred in sustaining a general demurrer to a petition, in an action by a servant against his master for personal injuries received pending the employment, alleging, in substance, that the plaintiff, a boy sixteen years of age, wholly inexperienced, was put to work,

without instruction or warning, upon a machine which was highly dangerous, was lacking in the usual and common safety devices employed on such machines, and was being used to do work of a character for which it was not intended, whereby it was rendered more dangerous; it being also alleged that the master knew all these things and the servant did not; that the master assured him that he could do the work at the machine all right; and that the injury occurred immediately upon his attempting to operate it and before he had the opportunity of discovering its dangers."

But it is argued that the danger in this case was so obvious that no warning was necessary from the master to the servant. In the case of *Betts Company* v. *Hancock,* 139 *Ga.* 198 (77 S. E. 77), a boy 13½ years old was placed by the master to work immediately above a rapidly revolving "resaw," which was not covered, and the boy fell upon the "resaw" and was injured. The plaintiff having recovered a verdict, this court, in upholding the trial court in denying a motion for a new trial made by the defendant, said (p. 208) : "Whether the danger to the plaintiff in this case from the saw and place to work was so obvious to him that no warning was necessary from the master, and whether the minor was of such age and capacity as to be cognizant of the obvious danger and appreciate the hazard and to guard against it, were questions of fact for the jury to determine from the evidence. It was for the jury to say, in the light of the evidence, whether the age and capacity of the minor were such as to bring him within the rule where no warning is necessary from the master, and where he must guard against obvious danger." In the Civil Code, § 3130, it is provided: "If there are latent defects in machinery, or dangers incident to an employment, unknown to the servant, of which the master knows or ought to know, he must give the servant warning in respect thereto." 2 Bailey on Personal Injuries (2d ed.), § 358, p. 954. In view of the allegations of the petition, that the deceased was 15 years of age, that he was forced by the master from a safe to a dangerous place of work, that he was inexperienced and of immature judgment, so as not to make him cognizant of the obvious danger to which he was exposed and to appreciate the same, etc., we think these were questions which should be submitted to a jury, in order that they may determine whether the age and capacity of the minor were such as to bring him within the rule

where the master is not bound to give the servant warning in cases of obvious danger.

　　　　*Judgment reversed. The other Justices concur, except*

FISH, C. J., and ATKINSON, J., dissenting. Considering only the allegations of the petition that are well pleaded, and not the mere conclusions of the pleader, we are of the opinion that the petition does not set forth a cause of action, and that the court properly sustained a general demurrer thereto.