16391.  THOMPSON v. HANES.

STEPHENS, J. 1. "There is no presumption of law that a minor over fourteen years of age, who applies for a position involving dangerous service, is aware of the danger and needs no instruction." *Atlanta & West Point R. Co.* v. *Smith,* 94 *Ga.* 107 (20 S. E. 763).

2. In a suit by a minor, seventeen years of age, against his employer, to recover for personal injuries received while engaged in working in close proximity to a revolving circular saw, where it was alleged that the minor was feeble-minded and possessed a mental capacity below that of the average boy fourteen years of age, and could not appreciate the danger incident to the work, whether or not the plaintiff, while standing upon a foundation strewn with slippery pieces of bark, and engaged in moving lumber from an unguarded revolving circular saw as the lumber was cut, had sufficient capacity to appreciate the obvious danger of performing the work in close proximity to the saw, where he was backward in learning at school, and had no previous experience in such work, although he may have been aware of the slippery condition of the bark, was a question of fact for a jury; and whether or not the master, who was aware of the minor employee's lack of experience in such work, should have known of the slippery condition of the bark and the consequent danger to the minor incident to the performance of such work, and was guilty of negligence in directing the minor to perform such work without warning the minor of the dangers incident thereto, were also questions of fact for a jury. *Girvin* v. *Georgia Veneer Co.,* 140 *Ga.* 405 (78 S. E. 1091); *Betts Co.* v. *Hancock,* 139 *Ga.* 198 (10) (77 S. E. 77). The jury might, from observation of the plaintiff, who was backward at school, have concluded that he did not possess sufficient mental capacity to appreciate the danger incident to his work. *McIntyre* v. *Empire Printing Co.,* 103 *Ga.* 288 (29 S. E. 923).

---

Master and Servant, 39 C. J. p. 492, n. 41; p. 517, n. 49; p. 1107, n. 9; p. 1168, n. 78.

3. This being a suit brought by the minor employee against the master to recover for injuries to the employee, caused from slipping upon the bark and falling upon the unguarded saw while engaged in the performance of such work under the direction of the master, the evidence, under the above rulings, was sufficient to authorize a finding for the plaintiff, and the court erred in awarding a nonsuit.

4. It is immaterial that the defendant was not the actual owner of the sawmill. It is sufficient that he was the master and the employer of the plaintiff and directed the plaintiff in the performance of the duties.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 26, 1926.

Action for damages; from city court of Hall county—Judge Sloan. February 19, 1925.

*Charters & Wheeler,* for plaintiff.

*Ed. Quillian,* for defendant.