25268.   SOUTHERN RAILWAY COMPANY *v.* GOREE.

DECIDED JULY 14, 1936.   REHEARING DENIED JULY 28, 1936.

*Griffith & Matthews, Matthews, Maddox & Owens,* for plaintiff in error.

*Arnold, Gambrell & Arnold,* contra.

JENKINS, P. J.   This suit, by an injured fireman on a locomotive of the .defendant railway company, is a companion suit to that of *Southern Ry.. Co.* v. *Lunsford,* 50 *Ga. App.* 829 (supra), brought by the administratrix of the deceased engineer, and involved the same derailment and the same alleged grounds of negligence.   This court affirmed the judgment for the plaintiff in the *Lunsford* case, and held that the jury was authorized to find in favor of the plaintiff on either or both of the grounds of negligence charged; the first ground being the negligent maintenance of the railroad-tracks and road-bed; the second being the failure of the defendant properly to inspect and maintain the appliance known as "Wright's Little Watchman," in accordance with the requirements of the Federal boiler-inspection act.   The decision of this court was reversed in part by the Supreme Court of the United States, which held that, since the device in question was in the experimental stage, "with reason it can not be said that Congress intended that every gadget placed upon a locomotive by a carrier, for experimental purposes, should become part thereof within the rule of absolute liability."   The exceptions in the instant case being similar to those in the *Lunsford* case with respect to the appliance in question, a reversal of the judgment of the trial court in this case is necessitated, just as in the *Lunsford* case, following the decision of the Supreme Court of the United States.   The reversal

136

was limited, however, to the instructions of the court with reference to the rule of absolute liability as to the appliance referred to, as provided by the terms of the boiler-inspection act. Our decision in the *Lunsford* case as to the right of the jury to find in favor of the plaintiff on the negligence charged, under the evidence as then submitted with reference to the maintenance of the railroad-tracks and road-bed at the scene of the derailment, was not disturbed. In the instant case, as in the *Lunsford* case, under the pleadings and under the evidence submitted in the trial as to the alleged negligent maintenance of the road-bed, the jury was authorized, but not required, to find in favor of the plaintiff. After the decision by the Supreme Court of the United States was rendered, the instant case was reargued in this court. Plaintiff in the court below conceded that under that decision the charges with reference to the "Little Watchman" were erroneous, in that the court submitted to the jury as an issue of fact whether the appliance came within the provisions of the boiler-inspection act, and instructed them that, if they should find that it did, the rule of absolute liability was imposed as provided by that act. It was insisted, however, that, since the Supreme Court in rendering its decision went on to say that while "mere experimental devices which do not increase the peril, but may prove helpful in an emergency, are not" within the scope of that act, so as to impose the "rule of absolute liability," yet "these have not been excluded from the usual rules relative to liability," under the Federal employers' liability act of April 22, 1908, c. 149, § 1 (35 Stat. 65; U. S. C. A., title 45, § 51), and the rules of liability obtaining at common law, the jury would be authorized to find in favor of liability for a lack of ordinary care in the inspection or maintenance even of an experimental "gadget," as termed by the Supreme Court, as constituting *actual negligence* as distinguished from *negligence as a matter of law* under the boiler-inspection act.

It is the contention of plaintiff that, although the record does not disclose any evidence of a lack of inspection or of improper maintenance of the "Watchman," since the device failed to apply the air-brakes upon the engine leaving the track, as the appliance was designed to do, the jury would be authorized to find, under the doctrine of res ipsa loquitur, as a matter of fact that the device was improperly maintained and not properly inspected. We do

not think that the doctrine of res ipsa loquitur could be invoked to show negligence imposing liability with reference to an appliance which, as the Supreme Court held, is but an experimental gadget, "used in the hope that it may apply the brakes and stop the train in the event of the derailment of the front trucks."

No Federal statute or recognized rule of the common law imposed on the carrier a legal duty to furnish, maintain, or inspect this appliance, which under the decision of the Supreme Court remained still experimental. As has been said by that Court, it is "a well-established rule that the master is not bound to furnish [even] the latest or best tools and appliances for the use of his servants." B. & O. R. Co. *v.* Groeger, 266 U. S. 521, 528 (45 Sup. Ct. 169, 69 L. ed. 419), and cit. In the language of our statute, "the master is bound to exercise ordinary care . . in furnishing machinery equal in kind to that in general use, and reasonably safe for all persons who operate it with ordinary care and diligence." Code, § 66-301. See also *Davis* v. *Augusta Factory,* 92 *Ga.* 712, 713 (18 S. E. 974) ; *Central Ry. Co.* v. *Edwards,* 111 *Ga.* 528, 534, 535 (36 S. E. 810) ; *Columbus R. Co.* v. *Kitchens,* 142 *Ga.* 677 (83 S. E. 529, L. R. A. 1915C, 570). If the appliance actually furnished, even though not legally required, is or becomes dangerous for use by the servant, and by its own positive act, as distinguished from a harmless failure to act or function, injures the servant, the master will become liable for negligent inspection or maintenance, under recognized principles of the common law applicable in such cases. As we construe the decision of the Supreme Court, if the use of the appliance, whether operative or not, detracted from safety or in any way contributed to the derailment, the defendant might be held liable under "the usual rules relative to liability." But this appliance not being required either under the provisions of the boiler-inspection act or under the rules of the common law, and not having contributed to the derailment, a failure to maintain or inspect what in this instance proved to be a useless, but harmless, experimental device, could not afford a ground of negligence, under the rule of res ipsa loquitur or by positive proof, such as would authorize a recovery. To hold otherwise would negative the effect of the decision of the Supreme Court reversing the previous decision of this court.

*Judgment reversed. Stephens and Sutton, JJ., concur.*