26360.  SOUTHERN RAILWAY COMPANY *v.* GOREE.

Decided November 30, 1937.  Rehearing denied December 16, 1937.

*E. S. Griffith, Walter Matthews, Maddox, Matthews & Owens,* for plaintiff in error.

*Arnold, Gambrell & Arnold, Price Edwards,* contra.

MacIntyre, J.  This is a companion case to the *Lunsford* case, *ante.*  While the cases were not tried together, evidence concerning the same facts about the same wreck was before the jury, and the same principles of law govern the case.  Goree was a fireman on the locomotive of which Cox was engineer.  When it overturned and killed Cox, Goree received the injuries for which he instituted the present action.  As did the plaintiff in the *Lunsford* case,

Goree brought suit in two counts, the first based upon negligence, and the second upon the failure of the company to comply with the safety-appliance law as regards the "little watchman." A verdict was rendered for Goree, and the defendant's motion for new trial was denied. Because of the decision of the United States Supreme Court in the *Lunsford* case, 297 U. S. 398 (56 Sup. Ct. 504, 80 L. ed. 740), concerning the court's charge on the safety-appliance law, this court necessarily reversed the judgment in the *Goree* case, because of the erroneous charge on that question, but specifically confined the reversal to that question alone. *Southern Ry. Co.* v. *Goree*, 54 *Ga. App.* 134 (187 S. E. 297). The *Goree* case went back for another trial, and again a verdict was found for the plaintiff. The defendant moved for a new trial upon substantially the same grounds as it asserted in the *Lunsford* case, ante, and to the judgment overruling its motion sued out a bill of exceptions to this court. The record in the instant case is the same as it was in the case as reported in 54 *Ga. App.* 134, except as to the contentions as to the "little watchman," which had been eliminated by amendment in the striking of count 2 of the petition; and there it was held, that, "as in the *Lunsford* case, under the pleadings and under the evidence submitted in the trial as to the alleged negligent maintenance of the road-bed, the jury was authorized, but not required, to find in favor of the plaintiff." The record in the instant case is practically the same as was the record in *Southern Ry. Co.* v. *Goree*, 54 *Ga. App.* 134 (supra). The contentions as to negligence are the same, except that the contentions as to the engineer's negligence were not before the court at the time of the first trial; the charge of the court to the jury is the same (with the addition of the submission of the engineer's negligence) ; and the evidence was substantially the same, except that the plaintiff went into more detail as to the noises made by the engine after the initial derailment which the plaintiff claimed should have notified the engineer that it was off the track, and except that the defendant introduced more witnesses on the last trial; but the additional witnesses were only cumulative of the general contentions of the defendant on the first trial. The part of the charge of the court submitting the law with reference to the engineer's negligence was not erroneous for any reason assigned. The ruling of this court in the case of *Southern Railway*

*Co.* v. *Lunsford,* 57 *Ga. App.* 53 (194 S. E. 602), controls the questions in the case sub judice adversely to the defendant railway company. The court did not err in overruling the motion for new trial.

*Judgment affirmed. Guerry, J., concurs. Broyles, C. J., disqualified.*