## WYNNE v. CONKLIN.

Whether the plaintiff, a boy of thirteen years, employed by the defendant to work in a tin-shop, was of sufficient age and capacity to appreciate his hazard and provide against danger, is for the consideration of the jury; it appearing that, several times previous to the injury complained of, he had been put to work on the machine which did the injury, that it was large and heavy, that a boy of his size and age was not able successfully to operate it, that boys in the shop were allowed, when not at work for the defendant, to use it in making things they desired, and that on the occasion of the injury the plaintiff had finished his work and in the presence of the foreman of the shop was cutting out a trinket for himself on the machine.

October 13, 1890.

Master and servant. Infants. Negligence. Before Judge VAN EPPS. City court of Atlanta. March term, 1890.

Reported in the decision.

ARNOLD & ARNOLD, for plaintiff.

P. L. MYNATT, for defendant.

BLANDFORD, Justice.

The declaration of the plaintiff in error alleged that he was employed by the defendant in error to work in and about his tin-shop, to do such work as might be required of him by his employer; that he was thirteen years of age, and had been put to work by the defendant upon a large and heavy machine, known as the "square shears" for cutting tin; that he was too young and small to work this machine properly and safely; that while in the course of his employment, after he had finished his work for his employer, he went to the machine and was cutting out some trinket for himself; that the foreman was present in the shop and did not prevent him from so doing; that while thus using the machine, and not being able to appreciate the danger, he had two fingers of his hand cut off; and he alleges

negligence on the part of his master in not preventing him from using the machine, and asks damages for such injury.

The testimony introduced by the plaintiff, which was weak, tended to support his declaration. He showed that the machine was a large one and heavy, and that a boy of his size and age was not able to successfully operate it; that previous to the injury, he had several times been put to work on this machine; that the boys in the shop were allowed to use the machine in making any trinkets or things they desired, when not required to work for their master. He showed that he was thirteen years of age. He did not testify whether or not he then knew the machine was dangerous, or whether he had sufficient capacity to appreciate and prevent the danger. At the conclusion of the plaintiff's evidence, upon motion of the defendant, the court awarded a nonsuit, and the plaintiff excepted and says the court committed error in so doing.

We think the case made by the plaintiff was quite a weak one for the consideration of a jury. Yet we are not prepared to affirm the judgment of the court below awarding a nonsuit. It is laid down by Shearman & Redfield in their work on Negligence (vol. 1, §218), and fully sustained by the authorities referred to, that "It has always been assumed, and usually without argument, that the general rule limiting the liability of a master to his servants, applies to minor servants as well as to others; no distinction being made on account or their incapacity to contract for the assumption of such perils. Thus, where a servant is set at dangerous work, the mere fact of his minority does not render the master liable for the risk, if the servant has sufficient capacity to take care of himself and knows and can properly appreciate the risk. But, while the mere fact of minority is deemed immaterial, it is well-settled, in

America at least, that any actual incapacity of a minor to understand and appreciate the perils to which he is exposed is to be fully considered, and that he can recover from his master for injuries suffered from any perils, the nature of which he did not know, or could not properly appreciate if he did nominally know, and to which a prudent and right-minded master would not have allowed him to be exposed." Now, in this case, whether the plaintiff knew of the hazard or peril—whether he was of sufficient age and capacity to appreciate the same and provide against danger—are questions of fact which cannot be judicially determined by a court, but must be left to the consideration of a jury. We think the case of *Rhodes* v. *Georgia R. R. & Banking Co.*, decided January 27th, 1890, and which will be found in 84 *Ga.* 320, applies to the present case; and what was said in that case to some extent governs this case. So, after much consideration and investigation, we have arrived at the conclusion that the court below erred in granting a nonsuit.          *Judgment reversed.*