THE SAVANNAH, FLA. & WESTERN RAILWAY CO. *v.* SMITH.

The controversy being one of fact only, a third verdict for the plaintiff not being excessive in amount, and the evidence, taking it in its utmost force, letter and spirit, in favor of the plaintiff, being sufficient to warrant a recovery, a fourth trial should be denied.
November 26, 1890.

Verdict. New trial. Railroads. Damages. Negligence. Before Judge FALLIGANT. Chatham superior court. June term, 1889.

Reported in the decision.

CHISHOLM, ERWIN & DUBIGNON, for plaintiff in error.
DENMARK & ADAMS, *contra.*

BLECKLEY, Chief Justice.

This is a third verdict in favor of the plaintiff below, defendant in error here. The first was for $7,500, the second for $10,500 and the third and last for $7,000. Upon the second grant of a new trial, the case was brought here by Smith, and will be found reported in 84 *Ga.* 698. In affirming the judgment granting a new trial, this court distinctly announced that the matters in controversy, including the diligence of the respective parties, were for determination by the jury. The case was said to be an exceedingly close one, and had not the verdict been for so large a sum, it is not improbable that the judgment granting a new trial would have been reversed. The last verdict seems reasonable in amount, and while the motion for a new trial complains of it as excessive, we can realize no shock from it to our moral sense, nor can we discover in the facts of the case any cause why it should shock the moral sense of others. The injury was a very serious one, resulting in the mutilation of a boy under ten years of age for life, to say nothing of pain and suffering. The other grounds of the motion for a new trial are that the verdict was contrary to law, to evidence and to the weight of evidence. In dealing with a third verdict, the law is satisfied with the evidence if, upon the most favorable view that can be taken of it in behalf of the prevailing party, and counting as nought all conflict, the jury could have reached the conclusion at which they arrived. In this instance, accepting the evidence of the plaintiff himself and that of his other witnesses, the jury would not only be warranted in their finding, but almost constrained to find in his favor. Indeed, that the injury was caused by the running of the cars, is not even disputed; and it devolved upon the railway company to make it appear that their agents had exercised all ordinary and reasonable care and diligence. Code, §3033. Perhaps, under

the peculiar circumstances of this case, this burden may not have rested on the company, had it not been established that the public crossing was unwarrantably obstructed by the cars and occasion thereby given for going round and crossing in an unusual place to avoid the obstruction.　But there was ample evidence to justify the jury in reaching such a conclusion.　In the final stages of the investigation, therefore, it was for the company to vindicate the diligence of its employees in all respects, and not for the plaintiff to impeach their diligence beyond showing the fact and manner of his injury.　And being himself a child under ten years of age, the jury, in passing upon his diligence, might properly have let him off with a very moderate degree of care, owing to his long detention at the crossing by the train which obstructed him on his way home, and owing to his anxious state of mind, on account of the lateness of his return home from school and the probability that he would incur parental censure, if not punishment, for his tardiness.　It was insisted in argument before us that, unless there were two locomotives on the ground, the injury could not have happened in the way detailed by the plaintiff.　According to the plaintiff's evidence, there might have been two.　Therefore it is not impossible that, if two were necessary, the conditions were met. There is no negative upon these conditions save from the company's witnesses.　Besides, the jury have disposed of this problem with all other questions of fact involved in the case.　There was no error in not having a fourth trial.　　　　　　　*Judgment affirmed.*