## WHATLEY *v.* BLOCK.

Irrespective of the question whether the plaintiff might or might not, by the exercise of ordinary care, have avoided falling into the elevator shaft, inasmuch as the evidence failed to show that there was any negligence on the part of the defendant, the judgment of nonsuit was right.

95    15|
f111 535|
95    15
124  335|

November 12, 1894.  By two Justices.

Action for damages.  Before Judge VAN EPPS.  City court of Atlanta.  January term, 1894.

R. J. JORDAN, for plaintiff.

P. L. MYNATT & SON, for defendant.

SIMMONS, Chief Justice.

This was an action by a servant against a master for personal injuries received in the course of his employment. The declaration alleged various acts of negligence on the part of the master. As this is not a case against a railroad company, the general law governing master and servant applies, and the presumptions are all in favor of the master, and the burden of overcoming them by evidence is upon the plaintiff. In this class of cases the master is not liable to the servant for the

negligence of a coservant unless it be shown that the
master employed such coservant with knowledge that
he was careless or incompetent, or retained him in
the service after his unfitness was discovered. No alle-
gation that the master was at fault in this respect is
made in the declaration. We have carefully read the
evidence in the record, and in our opinion the plaintiff
totally failed to establish by his evidence any of the al-
legations of negligence made in the declaration. There
was some evidence of negligence on the part of a co-
employee in moving the elevator without notice to the
plaintiff, but this we have shown is not imputable to
the master. As to the absence of a railing around the
hole in the floor through which the elevator passed,
there was no evidence that such a railing was necessary
in order to perform the work with safety. No general
rule or custom in regard to placing such railings around
other elevators of the same class was shown, so as to
charge the master with notice that it was proper and
necessary to do so. "A custom with reference to the
adoption of certain safeguards in a given business must
be so general that it is presumed that the defendant
had knowledge of it, in order to make him liable for
neglecting to provide the same." 14 Am. & Eng. Enc.
of Law, pp. 903, 904. Besides, if the absence of a
railing rendered the work dangerous, the servant knew
it as well as the master; and it is an established prin-
ciple of law that the servant takes upon himself the
hazard of all known dangers connected with the service.
Of course if by want of ordinary care he fell into the
hole, knowing it was there, he could not recover. The
evidence failed to show that the master was guilty of
negligence in not promulgating rules for the govern-
ment or running of the elevator. It was not shown
that such rules were necessary, or if necessary, what
were the proper rules for this purpose; nor was it

shown that there was a general custom on the part of other persons owning elevators to promulgate rules for their government.    After a careful consideration of the case, we are forced to the conclusion that the court was right in awarding a nonsuit.    *Judgment affirmed.*