AMELIA BUCKRY-ELLIS, Respondent, v. MISSOURI PACIFIC RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, June 30, 1911.

1. **RAILROADS:** Injuries to Pedestrian at Crossing: Negligence: Facts Stated. A locomotive operated backwards, drawing a train of thirty cars, was run over a crossing without a lookout on the tender, and struck and injured a child. The operatives did not stop the train and did not know of the accident until some time thereafter, although she might have been seen approaching the track, oblivious of danger, when the train was more than a city block from her, and the train could have

been stopped within from thirty to sixty feet. *Held*, the railroad company was negligent with respect to its duties to make observations for persons on the street who were approaching or about to cross the track.

2. ———: ———: Injury to Child: Contributory Negligence. In such a case, whether plaintiff, a girl about seven years of age, was negligent, *held*, a question for the jury.

3. ———: ———: Failure to Ring Bell: Negative Evidence. Evidence of witnesses, who could have heard the bell of an engine, if it had been rung, that they did not hear it, was sufficient to raise an issue for the jury, though other witnesses testified for defendant that it was rung.

4. DAMAGES: Injury to Child: Impairment of Earning Capacity: Evidence. In an action for injuries to a child of tender years, loss on account of impairment of future earning capacity may be properly left to the jury without any proof thereof.

5. INSTRUCTIONS: Evidence: Impeachment of Witness: Limiting Evidence by Instruction. Where defendant, in cross-examination of certain witnesses, introduced contradictory written statements made by them at the instance of defendant's claim agent shortly after the accident, the court properly charged that they were not evidence of any issue in the case, except the credibility of the witnesses, and should be considered for no other purpose; and such an instruction was not a comment upon the evidence.

6. RAILROADS: Injury to Pedestrian at Crossing: Negligence: Instructions: Conformity to Issues. Where, in an action for injuries at a railroad crossing, plaintiff did not seek to recover solely on the ground that the engine was operated with the tender ahead, but relied on that as being one of a combination of circumstances constituting negligence, the court properly refused to charge it was not an act of negligence to move the engine with the tender in front and that the jury could not find for plaintiff on that account, since the operation of the engine with the tender ahead was a proper subject of consideration by the jury in determining whether defendant failed to keep a proper lookout, and the instruction requested would have operated as an undue comment on a circumstance in the case.

7. DAMAGES: Excessive Verdict: $7000 not Excessive. Where plaintiff, a girl about seven years old, was run over at a railroad crossing, and lost her left foot and the lower part of her left leg, which was amputated between the ankle and knee, a recovery of $10,000, which the court reduced to $7000 was not excessive.

Appeal from St. Louis City Circuit Court.—*Hon. James E. Withrow,* Judge.

AFFIRMED.

*R. T. Railey* and *James F. Green* for appellant.

(1) There was not sufficient evidence to support the averments of the petition, and, therefore, defendant's instruction No. 2 should have been given. Watson v. Railroad, 133 Mo. 246; Boyd v. Railroad, 105 Mo. 371; Prewitt v. Eddy, 115 Mo. 283; Henze v. Railroad, 71 Mo. 639; Culhane v. Railroad, 60 N. Y. 137; Shufelt v. Railroad, 55 N. W. 1015; Ives v. Railroad, 107 N. W. 454; Horn v. Railroad, 55 A. & E. R. R. Cas. 158; Knox v. Railroad, 52 Atl. 91. (2) The court erred in giving plaintiff's instruction No. 6, there being no evidence whatever as to plaintiff's earning capacity. Davidson v. Transit Co., 211 Mo. 345; Smith v. Railroad, 108 Mo. 251; Slaughter v. Railroad, 116 Mo. 275; Mellor v. Railroad, 105 Mo. 462; Stoetzle v. Sweringen, 96 Mo. App. 594; Paquin v. Railroad, 90 Mo. App. 118; Coontz v. Railroad, 115 Mo. 669; O'Brien v. Loomis, 43 Mo. App. 29; Radtke v. Box Co., 229 Mo. 19; Palmer v. Railroad, 142 Mo. App. 457; Heinz v. Railroad, 143 Mo. App. 41. (3) Said instruction No. 6 not being warranted, the error in giving it was not cured by the entry of a remittitur. Slattery v. City of St. Louis, 120 Mo. 184; Smoot v. Kansas City, 194 Mo. 525; Ice Company v. Tamm, 90 Mo. App. 202; Wright v. Jacobs, 61 Mo. 19; Hunter v. City of Mexico, 49 Mo. App. 17; Koltz v. Bleckman, 46 Mo. 320; Sheedy v. Brick Works, 25 Mo. App. 527; Radtke v. Box Co., 229 Mo. 19.. (4) The court erred in refusing to give defendant's instruction No. 9. (5) Plaintiff's instruction No. 5 was an unnecessary comment upon the testimony, and, therefore, should not have been given. Eckhard v. Transit Co., 190 Mo. 620; Shanahan v. Transit Co., 109 Mo. App. 228; Ely-

Walker v. McLoughlin, 78 Mo. App. 578; Smith v. Woodmen, 179 Mo. 119; Jones v. Jones, 57 Mo. 138; State v. Bell, 70 Mo. 633; State v. Sivils, 105 Mo. 530; State v. Rutherford, 152 Mo. 124. (6) The damages awarded are excessive and not warranted by the evidence. Nicholds v. Glass Co., 126 Mo. 55; Adams v. Railroad, 100 Mo. 555; Whalen v. Railroad, 60 Mo. 323; Hollenbeck v. Railroad, 141 Mo. 113; Furnish v. Railroad, 102 Mo. 438; Gurley v. Railroad, 104 Mo. 211; Chitty v. Railroad, 166 Mo. 443; Porter v. Railroad, 71 Mo. 66.

*Williams & Rollins* and *A. R. Taylor* for respondent.

(1) The contention under appellant's first point is, that because its witnesses testified that the bell was rung, therefore such testimony must be taken as true, though the testimony of a large number of plaintiff's witnesses, who were in a position to hear the bell, if rung, was that they did not hear any bell. This question is settled against appellant in two well-considered cases, by our Supreme Court, being the latest declarations of that court on that question. Murray v. Railroad, 176 Mo. 189; Stotler v. Railroad, 200 Mo. 138. (2) It is true that in cases where an adult is injured, that evidence should be given of what his or her earnings were, but in case of a child of six years of age, such evidence could not be given; because such a child is incapable, by nature, of earning wages. But' is this a reasonable ground for slaughtering the rights of the innocent child? Not so; our Supreme Court has distinctly ruled the contrary in cases of children. Rosenkranz v. Railroad, 108 Mo. 17, citing Grogun v. Fischer Co., 87 Mo. 326; Nagel v. Railroad, 75 Mo. 658; Wise v. Railroad, 198 Mo. 562; Stotler v. Railroad, 200 Mo. 142; Brunke v. Telephone Co., 112 Mo. App. 628; Brown v. Railroad, 127 Mo. App. 508. (3) The damages awarded are not excessive. Woods v.

Railroad, 188 Mo. 243; Brody v. Railroad, 206 Mo. 540; Stotler v. Railroad, 200 Mo. 149; Devoy v. Railroad, 192 Mo. 228.

NORTONI, J.—This is a suit for damages accrued to plaintiff on account of the negligence of defendant. Plaintiff recovered and defendant prosecutes the appeal. Plaintiff, a little girl aged about seven years, sues by her next friend, duly appointed and qualified in that behalf.

Plaintiff received her injury on defendant's railroad track in Poplar street, about fifty feet east of the crossing of Fourth street therewith, in the city of St. Louis. Poplar street runs east and west and Fourth street north and south. Defendant maintains a railroad track in the center of Poplar street, and at the time in question was operating its locomotive and a train of thirty cars to the eastward along the public thoroughfare mentioned. The locomotive attached to this long train of cars was a switch engine, which was being operated to the eastward on Poplar street, with the tender of the locomotive in the front. At the time of her injury, plaintiff was but six years of age and without the consent of her mother had wandered from her home, about a half block from where she was hurt, to a grocery store, situate at the northeast corner of Fourth and Poplar streets. The evidence for plaintiff tends to prove that she came out of the grocery store on the northeast corner of Poplar and Fourth streets and started in a southeasterly direction across Poplar street toward her home, when the forward end of defendant's approaching train, which it seems she did not observe, was about a block to the west or immediately east of Broadway. As plaintiff walked diagonally across Poplar street and upon defendant's track, it is said she took a few steps to the east or southeast on the track and was then run upon by the locomotive and dragged for a considera-

ble distance by the step which is attached across and beneath the tender of the engine. As a result of the collision, plaintiff's left foot was crushed so as to occasion the amputation of the lower portion of her leg between the knee and the ankle.

The petition avers as negligence on the part of defendant, first, a combination of circumstances to the effect that it operated its engine and train to the eastward on Poplar street with the tender in front of the engine and without exercising any care whatever to watch for persons ahead of said tender, engine and cars and without using any care to control the movement of said tender, engine and train of cars to prevent running same against and on plaintiff and injuring her, and without using any care to warn plaintiff of the approach of said engine, tender and cars, etc. For a second specification of negligence, the petition counts upon the ordinance of the city of St. Louis, imposing the duty upon railroads operating locomotives by steam power to keep the bell attached thereto constantly sounding, to the end of warning persons of their approach, and avers that defendant breached the duty thus enjoined by wholly omitting and failing to sound the bell on its engine as it moved along Poplar street before and at the time of plaintiff's injury. Besides the facts above stated, there is an abundance of evidence in the record tending to prove that, at the time in question, defendant operated its locomotive with the tender thereof forward and about thirty cars attached at from five to eight miles per hour in Poplar street, which is a public thoroughfare of the city, without making observations for the safety of persons on the street. Indeed, it is conceded the locomotive and train did not stop even when plaintiff was injured and that the engineer knew nothing of the unfortunate incident until some time thereafter. As before stated, at the time of her injury, the little child was en route diagonally across the street from the grocery store

and upon defendant's tracks and the view was unob-
structed for more than a city block when she might
have been seen approaching the track oblivious to
danger. It is proved in the case and not denied that
the locomotive and train could have been stopped un-
der the circumstances within a distance of from thirty
to sixty feet by using the appliances at hand for that
purpose but no effort to do so was made, for, beyond
question, those operating the locomotive did not see
the little one either approaching or upon the track.
One witness for plaintiff gave testimony to the effect
that he observed her going toward the track when the
train was the width of Fourth street, and more than a
half block besides, west of her. On these facts, no one
can doubt that negligence was shown with respect to
defendant's duty to make observations for persons on
the street who were approaching or about to cross the
track. [Rosenkranz v. Lindell Ry. Co., 108 Mo. 9, 18
S. W. 890.] Because of plaintiff's extreme youth and
the facts of immature judgment and want of caution
which attend the instincts of children of such tender
age, the question of contributory negligence on the
part of plaintiff was for the jury. [Holmes v. Mo.
Pac. R. Co., 190 Mo. 98, 88 S. W. 623.] Indeed, de-
fendant does not controvert the propositions above
stated.

But it is argued the court should not have submit-
ted to the jury the matter of defendant's breach of
duty with respect to the obligation to sound the bell on
the locomotive. A number of witnesses testified for
defendant that the bell was sounded during the time,
while, on the other hand, a number of witnesses who
were present testified for plaintiff to the contrary.
It is argued that as defendant's evidence with respect
to sounding the bell was direct and positive, that for
plaintiff is of no probative worth for the reason the
bell might have sounded and they not hear it. The
argument is without merit, for it was a negative fact

which plaintiff was called upon to prove, and the proof to that end is essentially negative as well. It appears that the several witnesses who testified they did not hear the bell sounding were present and could have heard as well as those who testified for defendant to the contrary. In such circumstances, the negative statements in proof of a negative matter are competent, and it is for the jury to consider the credibility of the witnesses and the weight and value to be given to their testimony, together with their ability to hear and determine as to the fact in controversy, and give due allowance for lapses of memory if such appear. [See Stotler v. C. & A. R. Co., 200 Mo. 107, 137, 138, 98 S. W. 509; Murray v. St. Louis Transit Co., 176 Mo. 183, 189, 75 S. W. 611; Moore v. Wabash, 157 Mo. App. 53, 137 S. W. 5.]

Of course, in view of the fact of plaintiff's tender years, there is no proof that she had ever earned any income, nor is there anything suggesting a criterion by which her earnings may be measured after she attains her majority. Among other things, the court submitted to the jury for consideration, as an element of damage, the matter of plaintiff's loss of earnings after reaching the age of eighteen years. It is argued this was error because there is no proof whatever in the case which tends to furnish the jury a guide with respect to her probable earning capacity. As to infants of tender years, it is impossible to give evidence of the pecuniary value of such probable loss, and therefore the rule is, that the question of damages for loss on account of impairment of future earning capacity is left to the sound judgment, experience and conscience of the jury without any proof thereof whatever. [Moore v. Wabash, 157 Mo. App. 53, 137 S. W. 5; Stotler v. C. & A. R. Co., 200 Mo. 107, 137, 138, 98 S. W. 509; Wise v. St. Louis Transit Co., 198 Mo. 546, 95 S. W. 898; Schmitz v. St. Louis, etc., R. Co., 119 Mo. 256, 24 S. W. 472; Brown v. St. L. & S. R. Co., 127

Mo. App. 499, 508, 106 S. W. 83.]   Mr. Watson, in his work on Damages, section 514, says substantially, in speaking of an infant whose earning capacity was untried, that to require evidence of specific pecuniary loss in any amount in such cases would be to deny a recovery on this ground altogether.  The result therefore is that a distinction is expressly recognized between such cases and cases where the plaintiffs are adults.  The fact of the inability to prove the prior and probable earning capacity is not to be invoked against the infant, for, as between the wrongdoer and the innocent victim of the tort, the former, and not the latter, should suffer the consequences of any uncertainty in the extent of the loss.

Several witnesses, who testified for plaintiff, signed written statements shortly after the occurrence, at the instance of defendant's claim agent, and on cross-examination inquiries were propounded to such witnesses touching their evidence given on the stand and contradictory statements pertaining to the same matter in the writing.  Furthermore, defendant was permitted to introduce and read to the jury these written statements made by the witnesses which in part contradicted their evidence.  At the instance of plaintiff, the court thereafter instructed as to such written statements so read in evidence as follows:

"The court instructs the jury that the statements of Alonzo Smith, Andy Kirby, Joe Joseph and Sax Azar, contained in the several papers read to the jury and purporting to have been signed by said witnesses respectively are not evidence of any issue in this case except as to the credibility of said witnesses respectively.  And the jury should only consider said statements in so far as they may tend to contradict the evidence of said respective witnesses given on this trial or to discredit the truth of said witnesses respectively."

It is argued the court erred in giving this instruction, as it is said to amount to a comment upon the evidence of these witnesses. We are not impressed with this argument, for the instruction properly declared the law. It is certain the several *ex parte* written statements so made by the witnesses to defendant's claim agent were not competent as evidence in the case for any purpose other than that of contradiction, and the court very properly so informed the jury. It was competent to read such written statements in the case to the end of contradicting the witness on the stand and thus assault his credibility, and it was competent, too, for the court to tell the jury that such statements were not in evidence on any issue in the case except as to such credibility and they should be considered to that extent only.

Defendant requested and the court refused the following instruction:

"The jury are further instructed that it was not an act of negligence on part of defendant's employees to move the engine which was attached to its train with the tender of said engine in front, and you cannot find a verdict for plaintiff on account of the fact that said train was so operated over the Poplar street track."

It is argued the refusal of this instruction was error, but we do not so consider it, for there is no claim put forward by plaintiff to the effect that the mere fact of moving the engine with the tender forward was of itself negligence. Plaintiff did not seek a recovery on the ground that the engine was operated with the tender ahead alone but relied upon that as only one of a combination of circumstances, and the jury were so informed throughout the instructions given. As one of the combination of circumstances relied upon, the matter was a proper subject of consideration by the jury on defendant's failure to keep a proper lookout, for it appears no one was stationed

on the tender to make observations ahead. In this view, the court properly declined to give this instruction, for the reason, no doubt, that it would operate as an undue comment on a circumstance in the case and tend to confuse rather than to enlighten the jury on the issue of culpability.

Plaintiff lost her left foot and the lower part of her left leg, for the evidence is that it was amputated between the ankle and the knee. The jury awarded her a recovery of $10,000 but in exercising its office of supervising the verdict, the trial court required a remittitur of $3000 to be entered, which was done. It is argued here that the judgment of $7000, after revision, is excessive but we are not inclined to accept that view. Besides the pain, suffering, loss of earning capacity and other competent elements of damage involved, this little girl will be required to go through life a cripple, minus one foot and the lower part of the limb. It is, indeed, a problem as to what would be proper compensation for a female in such circumstances, and we are not inclined to interpose our judgment on this question against that of the trial court after requiring the remittitur. The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.