WALTER FERRIER, Appellant, v. SCHOENBERG MERCANTILE COMPANY, Respondent.

**St. Louis Court of Appeals, June 30, 1911.**

1. **DAMAGES: Pleading: Loss of Past Earnings.** The loss of past earnings·is not a necessary consequence of personal injury negligently inflicted and hence is not embraced within a general allegation of permanent injury, but must be specially pleaded and proved.

2. ————: **Infants: Loss of Future Earnings: Proof.** Where an infant with no fixed trade or avocation sues for a personal injury, loss of future earnings may be allowed without any proof suggesting the amount.

3. ————: **Pleading: Infants: Loss of Future Earnings.** In an action for personal injuries, prosecuted by a sixteen-year-old boy who had not chosen a calling or profession for life, a recovery for diminished earning capacity or less of earnings after attaining his majority may be had under a general allegation of damages in his petition counting on a permanent injury, without laying a claim therefor as special damages.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher,* Judge.

REVERSED AND REMANDED (*with directions*).

*Eugene S. Wilson* and *E. G. Curtis* for appellant.

(1) An instruction regarding the measure of damages authorizing the jury to consider reduced earning power is proper under the general allegation in the petition that the injury was permanent. Bartley v. Trorlicht, 49 Mo. App. 214; Scholl v. Grayson, 147 Mo. App. 652. (2) Past earnings are special damages and should be specially averred; future earnings or future earning capacity are proper elements for the jury to consider under a general allegation of damages. Bartley v. Trorlicht, 49 Mo. App. 214; Scholl v. Grayson, 147 Mo. App. 652; Schmitz v. Railroad, 119

Mo. 256. (3) The jury may properly consider loss of earnings or diminished earning capacity of an infant after arriving at the age of twenty-one years. Bartley v. Trorlicht, 49 Mo. App. 214; Rosenkranz v. Railroad 108 Mo. 9; Schmitz v. Railroad, 119 Mo. 256; Brown v. Railroad, 127 Mo. App. 499; Brunke v. Telephone Co., 112 Mo. App. 623.

*Watts, Dines, Gentry* and *Lee* for respondent.

Every item of damages for which the plaintiff expects to recover should be both alleged and proved. This is the general rule laid down and it applies as well to one sort of damages as to another, no matter whether it be loss of earnings, incurring of expense for medical service, expenditures for medicines, loss of profits in business, or any other item of damages. Davidson v. Transit Co., 211 Mo. 320; Pinney v. Berry, 61 Mo. 366; Railroad v. Flood, 70 S. W. 311; Gibler v. Railroad, 203 Mo. 208; Minster v. Railroad, 53 Mo. App. 276; Morris v. Railroad, 144 Mo. 500; Madison v. Railroad 60 Mo. App. 599; Norton v. Railroad, 40 Mo. App. 642; Nelson v. Railroad, 113 Mo. App. 659; Duke v. Railroad, 99 Mo. 349; Smith v. Railroad, 108 Mo. 243; Lucas v. Railroad, 133 S. W. 107.

NORTONI, J.—This is a suit for damages accrued to plaintiff on account of personal injuries received through defendant's negligence. Plaintiff recovered, but the court set the verdict aside on defendant's motion for a new trial because of alleged error in instruction No. 4 on the measure of damages, and from this order granting a new trial plaintiff prosecutes the appeal.

The only question for decision relates to instruction No. 4 on the measure of damages, and this instruction is as follows:

"The jury are instructed that if, under the instructions and evidence, you find the issues for the

plaintiff, you will take into consideration, in estimating and determining the measure of damages in connection with all the facts and circumstances in evidence, the age and situation of the plaintiff, the character and extent of his injury, and whether it is permanent, the extent, if any, to which he will be prevented and disabled by reason of said injury from working and earning a livelihood for himself after he arrives at the age of twenty-one (21) years, and may find for him such sum as in the judgment of the jury, under all the evidence in the case, will fairly compensate him for the injuries received; not, however, exceeding $20,500.''

The point made against the instruction, and because of which the court set the verdict aside, is that it submitted to the jury for consideration as an element of damage the matter of plaintiff's diminished earning capacity after he arrives at the age of twenty-one years when there is no averment in the petition of loss of future earnings or diminished earning capacity after plaintiff should arrive at his majority.

It appears from the evidence that at the time of his injury plaintiff was a lad but sixteen years of age in the employ of defendant as a delivery boy, and as such was earning $4.50 per week. But there is an absence of proof, as there must be in such cases, of his probable earning capacity after arriving at the age of twenty-one years. All of this is unimportant, however, as the question for decision relates alone to the matter of submitting to the jury for consideration the diminished earning capacity of the boy after attaining the age of twenty-one years in view of the fact that the petition laid no claim in that behalf by an averment of special damages.

The petition sets forth that plaintiff was a delivery boy in defendant's employ at the time of his injury and avers the manner in which the injury befell him on its elevator through defendant's negligence. It

avers, too, that as a result of such injury his foot was
so crushed and mangled as to occasion its amputation
above the ankle and that such injury is permanent.
In this state, the loss of *past* earnings is a kind of
injury which is not regarded as a necessary conse-
quence of the negligent act complained of here and
therefore is not embraced within a general allegation
of permanent injury and damage. So said the Supreme
Court in Mellor v. Mo. Pac. R. Co., 105 Mo. 455, 464,
16 S. W. 849.   That the loss of time and the loss of
past earnings must be specially averred in the petition
and proved on the trial is determined as   well   in
Slaughter v. Metropolitan St. R. Co., 116 Mo. 269, 23
S. W. 760.  But there is sound reason for requiring
an averment and proof of the loss of past earnings and
loss of time (which is said to be the same) as special
damages, while no such reason obtains with respect
to the future earnings after majority of a mere boy,
such as involved here.   When a recovery is sought for
loss of time or past earnings, it is possible for the
pleader to make a fair estimate and claim in respect
of the matter, for he is then possessed of all the facts
pertaining to it.   It is past, and one knows the loss
from experience.   Such is not true, however, in any
case where the claim is for the loss of earnings or di-
minished earning capacity in the future, for no one
can foresee with certainty what such loss may be, and
especially is this true in the case of an infant.   In-
deed, the courts recognize this feature of the matter
to such an extent as to affirm that, in cases where the
plaintiff is an infant with no fixed avocation or trade
and therefore wholly unable to even conjecture what
his probable future calling and loss of earnings therein
may be, a recovery may be allowed on that score with-
out any proof whatever suggesting the amount.  [See
Rosenkranz v. Lindell R. Co., 108 Mo. 9, 18 S. W. 890;
Stotler v. C. & A. R. Co. 200 Mo. 107, 98 S. W. 509;
Wise v. St. Louis Transit Co., 198 Mo. 546, 95 S. W.

898; Schmitz v. St. Louis, I. M. & S. R. Co., 119 Mo. 256, 277, *et seq.*, 24 S. W. 472; Moore v. Wabash R. Co., 157 Mo. App. 53, 137 S. W. 5.] Under these authorities, no one can doubt that, had plaintiff averred special damages because of his diminished earning capacity or on account of loss of earnings after attaining the age of twenty-one years by reason of his permanent injury, it would have been entirely proper for the court to submit the matter to the jury as an element of damages for consideration in the case, though no proof whatever was made touching it. This doctrine may more appropriately be applied, it is true, in respect of the claims of children of tender years, but it is by no means confined to such cases. In Stotler v. C. & A. R. Co., 200 Mo. 107, 98 S. W. 509, the Supreme Court applied it to the case of a young girl fifteen years and some months of age and in Bartley v. Trorlicht, 49 Mo. App. 214, this court applied it in the case of a boy fifteen years of age. The identical reason obtains here that invoked it in the two instances mentioned. Indeed, in the case of this sixteen year old boy, with no particular avocation, trade or profession settled upon as a life calling, what would suggest a proper claim by way of special damages for loss of his earnings or diminished earning capacity after attaining his majority when it may be that he would be a laborer, capable of earning ten dollars a week, or a physician, lawyer or merchant, with an earning capacity of $10,000 per year? In the very nature of things, a requirement to plead as special damage that which courts and juries may reckon with and mete out though wholly unproved, suggests the veriest technicality *ad infinitum*. This court has heretofore determined that the loss of future earnings or loss occasioned by diminished earning capacity which will result from a permanent injury after the minor has attained his majority may be recovered under the general allegation of damages in a petition counting on a permanent

injury, though no claim is laid therefor as special damage. In that case, the opinion of the court, concurred in on this question by all of the judges, was prepared by the lamented Judge Seymour D. Thompson, and as usual reflects a sound exposition of the law touching the subject, on principle. [See Bartley, etc., v. Trorlicht, 49 Mo. App. 214, 218, 219, 220, 221.] Furthermore the case of Schmitz v. St. Louis, I. M. & S. R. Co., 119 Mo. 256, 277, 278, 279, 24 S. W. 472, is precisely in point and to the same effect, though the plaintiff was a boy but nine years of age. In that case, the court affirmed a recovery in part for loss of future earnings or on account of diminished earning capacity after the plaintiff should attain his majority, notwithstanding the petition contained no averment for special damages on that score. It is said in the opinion that, as the plaintiff's injury was permanent and he was entitled to recover for loss of impaired earning capacity after majority without proof on that matter, it was of course not necessary to plead it. The Encyclopedia of Pleading and Practice, Vol. 5, 759, states the rule to be that in an action by a minor no allegation of special damage is required in order to recover for loss of earnings or diminished earning capacity after he reaches his majority, for in such cases it is said the injury to his person is the gravamen of the offense and the damages are to be measured by the extent of that injury. [See also to the same effect Gilligan v. N. Y. etc., R. Co., 1 E. D. Smith (N. Y.), 453, 461.]

We conclude, therefore, that in a suit such as this one, prosecuted by a lad of sixteen years who has not chosen a calling or profession for life, a recovery may be had, under a general allegation of damages in a petition counting on a permanent injury, if such is proved, for loss of earnings after reaching his majority or diminished earning capacity thereafter, without laying a claim therefor as special damage. The judgment

should be reversed and the cause remanded with directions to the trial court to reinstate the verdict and enter judgment thereon for plaintiff as of the date the verdict was returned. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.* concur.