11435. HAMPTON *v.* QUITMAN MANUFACTURING COMPANY.

BLOODWORTH, J. The judge properly sustained the demurrer to the petition in this case.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED OCTOBER 5, 1920.

Action for damages; from Brooks superior court — Judge Thomas. March 8, 1920.

The action was for injury to a cotton-mill employee's hand, which it was alleged was caught by the teeth of a revolving cylinder of a carding machine when he was attempting to remove waste cotton. In the demurrer it was contended that under the

allegations of the petition the negligence of a fellow servant was the proximate cause of the injury, and that the injury was a result of one of the ordinary risks of employment assumed by the plaintiff. From the petition it appears that he was employed for the purpose of grinding carding machines and was directed by the foreman to clean off with his hands the waste cotton hanging or accumulated in front of the cylinder mentioned and of a door opening to that cylinder while the cylinder was revolving. The cylinder was enclosed in a metal case with a door in front which opened from the top by means of latches; and, just above the door, waste cotton was separated from the cotton carried around by the cylinder, and was "supposed" to be wound" upon a scavenger roll-stick located just above and a little in front of this door, in order to keep the waste cotton from falling and hanging down in front of the door, but there was no such stick on the machine, and the waste cotton from the cylinder was allowed to hang, fall, and accumulate in front of the door and completely hide the door from view, thus rendering it impossible for a person in front of the machine to ascertain whether the door was up or down. The plaintiff knew that the machine was not provided with such a stick, but he had no experience in the operation of this particular kind of machinery and had been only about seven or ten days at work in taking down waste cotton with his hands and grinding and cleaning the cylinder in the manner described, and did not know that such an appliance was necessary to the safe operation of the machine in the manner in which he was required to work upon it, and did not know the danger attendant upon the work. Suction created by the rapid revolving of the cylinder tended to draw into the enclosure and into the teeth of the cylinder one's hand when in close proximity to it in removing the waste cotton. The door to the enclosure had been opened by a fellow servant, but the plaintiff did not know this, the opening being hidden from view by waste cotton, when he reached forward to remove the waste and the teeth of the cylinder caught his hand. It is alleged that the defendant was negligent in failing to provide the machine with a scavenger roll-stick, and in the direction to him to remove the waste cotton with his hand while the cylinder was running, and in failing to warn him of the dangers attendant upon the operation of the machine.

It is alleged that although the door mentioned was left open by a fellow servant, the plaintiff would not have been injured if the defendant had not been negligent as stated above; and that the defects and dangers mentioned were latent and not discoverable by the plaintiff by the exercise of ordinary care on his part, and his opportunities for knowing of them were not equal to those of the defendant, which knew of them or could have known of them by the exercise of such care.

*J. J. Hill,* for plaintiff, cited:  1 *Ga. App.* 260 (8) ; 15 *Ga. App.* 758 (4) ; 21 *Ga. App.* 340 (3), 349; 22 *Ga. App.* 26, 180 (2) ; 125 *Ga.* 576; 98 *Ga.* 660; 16 *Ga. App.* 54 (3) ; 13 *Ga. App.* 799 (6).

*Bennet & Harrell,* contra, cited; Civil Code (1910), § 3129; 127 *Ga.* 404-6; 123 *Ga.* 35; 2 *Ga. App.* 53, 57; 7 *Ga. App.* 642 (2) ; 17 *Ga. App.* 684; 19 *Ga. App.* 133; 134 *Ga.* 712; 23 *Ga. App.* 408; 21 *Ga. App.* 558; 95 *Ga.* 15; 139 *Ga.* 198; 5 *Ga. App.* 777, 778; 83 *Ga.* 343; 126 *Ga.* 667, 670; 7 *Ga. App.* 268, 584; 10 *Ga. App.* 175; 23 *Ga. App.* 334.